Shotwell et al. *v.* Webb et al.

---

ROBERT SHOTWELL et al. *vs.* JOHN WEBB et al.

D. obtained a decree against Smith for the foreclosure of a mortgage upon slaves, and assigned it to W. and others, who made an agreement with Shotwell, by which it was stipulated that he should purchase certain of the slaves at the commissioner's sale for $3000, whether the slaves should cost more or less at the sale, and he was to pay for them in three equal annual instalments. Shotwell purchased the slaves at the sale, and executed his bond to the commissioner for the amount of his bid. The bond having been forfeited, an execution issued thereon, and Shotwell enjoined it. *Held*, that the injunction could not be retained.

Where property is sold on a credit under a decree in chancery, the decree is satisfied to the extent of the amount of the sale, and a new contract is made between the purchaser and the complainant, and the purchaser is bound by the terms of that contract.

Where a purchaser of property, sold by a commissioner in chancery, executes his bond for the amount of his bid, and the same is not paid at maturity, an execution against the obligors may be issued upon the bond.

The assignee of a decree in chancery succeeds to all the rights of his assignor.

If the answer deny all the equity of the bill, and the bill be not sustained by proof, there can be no decree in favor of the complainant.

ON appeal from a decree of the superior court of chancery dissolving an injunction.

*George Calhoun*, for appellant.

*A. H. Handy*, for appellee.

Mr. Justice FISHER delivered the opinion of the court.

The bill in this case alleges that Ebenezer Divine obtained a decree in the superior court of chancery against G. C. Smith,

survivor, &c., to foreclose a certain mortgage on the property of Williamson and G. C. Smith. That before a sale was made under said decree, John Webb and Wilie Lyons became the sole beneficiaries in said decree, and that Webb having the greater interest therein, entered into a certain contract, by which it was stipulated that Shotwell should purchase at the commissioner's sale for Mrs. Lucy Smith, one of the complainants, certain slaves, Ed, Tempy, and her three children, at the price of eighteen hundred dollars; and that he should also purchase for Mrs. Leathy R. Smith, slaves Jerry, Mary and her child at twelve hundred dollars, with interest from date. These sums of money were to be paid by Shotwell in three equal payments — 1st of March, 1846, 1st of March, 1847, and 1st of March, 1848. Webb agreed to credit the mortgage for three thousand dollars.

The bill also avers, that Shotwell became the purchaser of said slaves at the commissioner's sale, and gave bond, with Webb security thereon, to Divine. It is alleged that Webb being the beneficiary in said decree, is in effect obligor and obligee in said bond.

The bill further avers, that on the 14th of May, 1846, an agreement was entered into between Webb, Lyons and Mrs. Leathy R. Smith, as to the terms upon which payment for her lot of slaves should be made. That the contract of 19th January, 1847, was intended to be made in pursuance of the contract of 14th May, 1846, by which it appears that $1172.64 were to be credited for the benefit of Mrs. L. R. Smith. By the contract of 19th January, 1847, it appears that interest was calculated on the $1200 from the date of the commissioner's sale to 19th January, 1847. Whereas she was entitled to said credit of $1172.64 at the date of said sale.

The bond given by Shotwell and Webb was returned to the office of the clerk of the superior court of chancery; at the maturity thereof, payment not having been made, it was declared forfeited, and execution issued thereon for the amount agreed to be paid by Shotwell. The object of the bill is to perpetually enjoin said execution.

The answer denies all the equities of the bill, and there

appears no sufficient proof on the part of the complainants to sustain its allegations.

It is, however, insisted by the solicitor of complainants that the bond executed by Shotwell and Webb, and returned into the office of the clerk of the superior court of chancery, was inoperative under the agreement entered into between the parties at the commissioner's sale on the 28th of July, 1845. By this agreement, Shotwell was to become the purchaser of the two lots of slaves at the sum of $3000, payable in three instalments. Then follows this language in the agreement, " Should the negroes cost more at the sale, or less, Col. Webb is to have the mortgage credited for the amount, and look to said Shotwell for the above amounts, at the above stated times." This agreement was in effect a private sale of the two lots of slaves to Shotwell, at $3000. If the slaves should sell for more than this sum, Shotwell was still to have them at the stipulated price. Webb bound himself to credit the mortgage or decree for the amount these slaves might bring at public sale. If they sold for $4000, he was still to credit the mortgage for that sum, and let Shotwell have them at the agreed price of $3000, payable in three instalments. What then was the effect of this agreement? So far as the credit agreed to be given was concerned, it was exactly what the law would have done, without any agreement. When a commissioner in chancery sells property under a decree, it is a satisfaction of it to the amount of the sale; and a new contract, if the sale be on a credit, is created between the purchaser and the complainant in the decree. Here the sale was made of certain slaves on a credit, under a decree in favor of Divine, but assigned to Webb and others. Shotwell became the purchaser of the slaves under an agreement with Webb, and executed such bond as the law required the commissioner to take. This bond was payable to Divine. Webb, the assignee, acquired every right and remedy which his assignor had in the decree or bond. If payment were not made at maturity, an execution might issue on the bond. This is the remedy provided by law. The agreement to pay the $3000 in the three instalments, did not change the legal opera-

32*

tion of this bond; but merely postponed Webb's remedy therein, till the respective instalments should fall due.

The decree of the chancellor dissolving the injunction, must therefore be affirmed.